UNITED STATES of America, Appellee

v.

Xavier Valentine BROWN, Appellant.

No. 09–3093.

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 2010.

Todd William Gee, Assistant U.S. Attorney, Chrisellen Rebecca Kolb, Assistant U.S. Attorney, Ronald C. Machen, Jr., Esquire, U.S., Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, Mary Ann Snow, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Reita P. Pendry, Law Office of Reita Pendry, Charlotte, NC, for Appellant.

Xavier Valentine Brown, Minersville, PA, pro se.

BEFORE: SENTELLE, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. It is

**ORDERED** that the judgment of the district court be affirmed.

Xavier Valentine Brown appeals the district court's denial of his petition under 28 U.S.C. § 2255, which petition sought to vacate his sentence and remand for new trial on the ground that he was denied his Sixth Amendment right to effective assistance of counsel. Reviewing Brown's petition de novo, we conclude that Brown's appeal fails. *See United States v. Goodwin,* 594 F.3d 1, 4 (D.C.Cir.2010) (declining to settle standard of review because petition failed even under de novo review).

Brown was convicted of conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, by attempting to collect $47,000 from Gregory Fulton, a convicted drug felon working in an undercover capacity for the FBI, on behalf of a Panamanian heroin smuggler named Jose Meneses (alternatively known as "Cholo" or "Cholito") on January 6, 2005. The critical issue at trial was Brown's knowledge and intent: did Brown know that he was being sent by Meneses to collect payment for a number of illegal heroin shipments received by Fulton? The government presented the testimony of several members of Meneses's heroin smuggling network, all appearing pursuant to cooperation agreements, as well as audio and video surveillance footage capturing the meeting between Brown and Fulton. In addition, pursuant to Fed.

R.Evid. 404(b), the government offered the testimony of Kenrick Eastmond for the limited purpose of establishing Brown's knowledge and intent. Eastmond testified about working with Brown on various drug smuggling jobs between 1994 and 2002, long before the events at issue in Brown's trial. At the time of Brown's trial, Eastmond was serving a sentence of 70 months' imprisonment for cocaine possession. Eastmond was also a foreign national who was facing the prospect of deportation upon his release from prison.

Brown argues that his trial counsel rendered ineffective assistance of counsel by failing to investigate Eastmond's immigration status and by failing to cross-examine Eastmond about his deportation status as a source of bias. Under *Strickland v. Washington,* establishing ineffective assistance requires a two-pronged showing: first, "counsel's performance was deficient," and second, "the deficient performance prejudiced the defense." 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not consider both prongs if we can dispose of the appeal on one or the other. *United States v. Burch,* 156 F.3d 1315, 1326 (D.C.Cir.1998) (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052). We conclude Brown's petition fails because, assuming *arguendo* deficiency, Brown cannot show prejudice.

To establish prejudice, Brown must show a "reasonable probability" that "the result of the proceeding would have been different" if his trial counsel had investigated Eastmond's immigration status and cross-examined him on it. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Brown has failed to establish a "reasonable probability" on two related grounds. First, even without Eastmond's testimony, the government presented sufficient evidence at trial to establish Brown's knowledge and intent. *See United States v. Weaver,* 234 F.3d 42,

48 (D.C.Cir.2000) (finding no prejudice where "strength of the government's evidence ... would remain virtually unchanged" even setting aside testimony tainted by alleged deficiency). Ana Alvarez Rios, a co-conspirator, testified that she hand-delivered one kilo of heroin from Meneses to Brown in early December 2004, just weeks before Brown's arrest. Alexis Barraza, another co-conspirator, testified that he relayed telephone messages on several occasions between Meneses in Panama and Brown in the United States. Brown's meeting with Fulton included several suspicious circumstances: Brown's use of the alias "Gordo," the "last call made" from Brown's cell phone to a Panamanian number labeled "Cholito's new cell" in Brown's cell phone directory, the four additional cell phones and over $7000 in cash found inside Brown's car alongside notebooks containing names and phone numbers for Barraza and Fulton. Given the ample evidence the government presented at trial, Eastmond cannot be characterized as a "key witness" whose testimony alone established Brown's knowledge and intent. *See Weaver,* 234 F.3d at 47–48. Second, any additional cross-examination of Eastmond on the subject of his deportability would have had little effect. Brown's trial counsel conducted an aggressive cross-examination of Eastmond, eliciting Eastmond's admission that he "snitched" on a number of people after being arrested in order to "help [himself] out," that he made false or inconsistent statements to police and FBI investigators and that he was testifying against Brown pursuant to a cooperation agreement with the government. The jury thus had several reasons to question Eastmond's credibility and cross-examining Eastmond on his possible deportation would have added little to Brown's defense.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).